UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS ROBINETT and LISA ROBINETT,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>LOANCARE, LLC, AMERICAN FINANCIAL RESOURCES, INC., and LAKEVIEW LOAN SERVICING, LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-000424-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. OVERVIEW

This matter comes before the Court on Defendants' Motion to Dismiss. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motion on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court GRANTS the Motion to Dismiss but also gives Plaintiffs leave to amend their Complaint.

## II. FACTS

On January 1, 2012, Plaintiffs Douglas Robinett and Lisa Robinett granted a Deed of Trust in their home in Kamiah, Idaho, (hereinafter "the Property") to Defendant

American Financial Resources, Inc. ("AFR").[1] At all relevant times, Defendant LoanCare serviced the indebtedness secured by the Deed of Trust. Under the Deed of Trust, Plaintiffs were obligated to maintain property insurance on the Property and to name the lender as an additional insured. Plaintiffs obtained insurance that satisfied this obligation through Foremost Insurance Group.

The Deed of Trust provided that, "[i]n the event of a loss . . . . [a]ll or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to reduction of the indebtedness under the Note and this Security instrument, . . . or (b) to the restoration or repair of the damaged Property." Dkt. 11-2, at 3.

On August 15, 2015, improvements on the Property were destroyed during the Clearwater Complex and Lawyer Complex forest fires.

After the complete loss of their home, Plaintiffs made claims to their insurer. On August, 28, 2015, Foremost Insurance Group issued checks in the amount of $97,650 and $30,000, payable to Plaintiffs and LoanCare (as an agent/loan servicer for AFR). Upon receipt, Plaintiffs endorsed the checks and forwarded them to LoanCare.

Thereafter, Plaintiffs asked that Defendants apply the insurance proceed to the debt secured by the Property. Plaintiffs then made several requests to Defendants for "payoff information" (documentation that their debt had been paid off). Plaintiffs were attempting to refinance their existing debt and facilitate the rebuilding of their destroyed

---

[1] A deed of trust typically involves three parties: a borrower, a trustee, and a lender. For the Deed of Trust at issue in this case, Plaintiffs were the borrowers, Inland Title and Escrow was the trustee, and AFR, initially, was the lender. Dkt. 11-2, at 1.

home. Between September of 2015 and May of 2016, LoanCare failed to apply the insurance proceeds to the debt or to provide the requested payoff information.

On November 6, 2015, the Kamiah Community Credit Union rejected Plaintiffs' application for refinancing due to the absence of payoff information that reflected the application of the insurance proceeds to the Plaintiffs' then existing indebtedness. On November 30, 2015, AFR transferred its interest in the Deed of Trust to Defendant Lakeview Loan Servicing, L.L.C. ("Lakeview"). However, LoanCare continued to service the loan.

In April of 2016, Plaintiffs reapplied for financing from Kamiah Community Credit Union. On April 18 and 26, 2016, Kamiah Community Credit Union made additional requests to LoanCare seeking Plaintiffs' payoff information. Each time, LoanCare responded by providing a written payoff statement that did not reflect the application of the insurance proceeds to the debt.

On or around May 11, 2016, Mortgage Electronic Registration Systems, Inc., acting as an agent for Lakeview, caused a Notice of Default regarding the subject real property to be recorded in the county land records in Idaho County, Idaho. Shortly thereafter, on or about May 20, 2016, LoanCare provided a payoff statement showing application of the insurance proceeds to Plaintiffs' debt. In June of 2016, after LoanCare applied the insurance proceeds to Plaintiffs' debt, Lakeview's interest in the Property, secured by the Deed of Trust, was released. There was some delay in releasing the interest in the Property—which allowed Plaintiffs to obtain new financing to rebuild their home—due to the Notice of Default filed in Idaho County in May of 2016.

On September 5, 2017, Plaintiffs filed suit in Idaho County against LoanCare, Lakeview, and AFR. On October 12, 2017, Defendants removed this action to federal court on the basis of diversity jurisdiction. Plaintiffs assert five claims against Defendants: (1) breach of contract; (2) conversion; (3) negligence and breach of fiduciary duty; (4) bad faith; and (5) slander of title. Defendants have now moved to dismiss all five of these claims under Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A complaint that fails to meet this Rule 8(a) standard is subject to attack by a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which the Court can grant relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions." *Id.* at 555. Further, "a formulaic recitation of the elements of a cause of action will not do." *Id.* In considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116,

112s (9th Cir. 2008). However, the Court need not accept all asserted legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

Plaintiffs do not object to the dismissal of Count Three, negligence and breach of fiduciary duty, or Count Four, bad faith. The Court, therefore, dismisses those claims with prejudice. The Court addresses the remaining claims, in turn, below.

### A. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

In Count One, Plaintiffs allege that Defendants breached express terms of the Deed of Trust and the covenant of good faith and fair dealing implied therein. In Idaho, "[t]he elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 297 P.3d 232, 241 (Idaho 2013). The covenant of good faith and fair dealing is implied in every contract. *Idaho First Nat. Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 289 (Idaho 1991). This covenant requires "that the parties perform in good faith the obligations imposed by their agreement." *Id.* (citation omitted). A party violates this covenant when an action by that party "violates, nullifies or significantly impairs any benefit of the . . . contract." *Id.* (quoting *Metcalf v. Intermountain Gas Co.*, 778 P.2d 744 (1989)).

The parties agree that a contract—the Deed of Trust—exists. The parties also agree that the Deed of Trust provides for two alternatives in the event insurance proceeds are received after the Property has suffered a loss: the Defendants may either apply the

insurance proceeds "(a) to reduction of the indebtedness under the Note and this Security instrument, . . . or (b) to the restoration or repair of the damaged Property." Dkt. 11-2, at 3. However, the parties dispute whether Plaintiffs have sufficiently alleged that Defendants breached this provision of the Deed of Trust.

In their Complaint, Plaintiffs assert that Defendants "breached their contractual obligations to Plaintiffs by failing to apply the subject insurance proceeds in a timely manner, by failing to provide timely and accurate pay-off information upon request, and by violating the implied covenant of good faith and fair dealing." Dkt. 9, at 9. Plaintiffs have thus plainly alleged that Defendants failed to complete the first of the two options available to Defendants under the contract for distribution of the insurance proceeds. Plaintiffs did not explicitly allege in their Complaint that Defendants also failed to complete the second of the two available options.

In their response to the Motion to Dismiss, Plaintiffs argue Defendants breached the Deed of Trust by failing to take any action with regard to the funds. As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted), including allegations in the briefs. *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). Thus, the Court cannot consider any facts or legal conclusions Plaintiffs have asserted in their briefs.

Looking only at the face of the Complaint, Plaintiffs have not alleged how Defendants have failed to complete the second of the contract's two available options for applying the obtained insurance proceeds. This is detrimental to Plaintiffs' breach of

contract claim at this stage as Plaintiffs must allege that Defendants failed to complete both available options to state a breach of contract claim upon which relief may be granted. Nevertheless, the Court finds Plaintiffs could remedy this deficiency with the allegation of additional facts. The Court, therefore, grants Plaintiffs leave to amend their Complaint.[2]

The Court turns briefly to the claim that Defendants breached the implied covenant of good faith and fair dealing. The covenant of good faith and fair dealing does not override the express terms of the contract. *Bushi v. Sage Health Care, PLLC*, 146 Idaho 764, 768, 203 P.3d 694, 698 (2009). Rather, the covenant only requires "that the parties perform in good faith the obligations imposed by their agreement." *Idaho First Nat. Bank*, 121 Idaho at 289. The Court agrees with Defendants that the covenant of good faith and fair dealing did not require them to apply the insurance proceeds to Plaintiffs'

---

[2] The parties discuss several non-binding cases at length. Defendants argue these cases require dismissal with prejudice. These cases involve the same contractual provision and are informative, but do not require dismissal with prejudice because they are factually distinguishable. *Edwards v. Bank of Am., N.A.*, No. 2260 SEPT. TERM 2014, 2015 WL 9257696, at *5 (Md. Ct. Spec. App. Dec. 17, 2015) (dismissing breach of contract claim because plaintiff failed to tender insurance proceeds to lender, but acknowledging that lender had the option to either apply the insurance funds to plaintiff's debt or to repairs to the damaged property); *Plymouth Commons Realty Corp. v. Ne. Sav., F.A.*, No. CV 93-0456534, 1994 WL 622009, at *3 (Conn. Super. Ct. Oct. 7, 1994) (dismissing breach of contract claim because bank adhered to contract by applying insurance proceeds to debt; but, allowing plaintiffs to proceed on good faith and fair dealing claim because, although bank strictly complied with contract, plaintiff sufficiently alleged that bank did so in a manner that increased their damages); *Hopkins v. Wells Fargo Bank, N.A.*, No. CIV. 2:13-cv-00444 WBS, 2013 WL 2253837, at *6–9 (E.D. Cal. May 22, 2013) at (E.D. Cal. May 22, 2013) (finding lender did not breach deed of trust because the lender distributed some of the insurance proceeds to pay down plaintiff's loan, as permitted by the deed of trust, but also concluding plaintiff may have a claim for breach of the implied covenant of good faith and fair dealing because lender failed to apply the remainder of the insurance proceeds to either of two options available under the deed of trust).

debt as Plaintiffs' requested. *Plymouth Commons Realty Corp. v. Ne. Sav., F.A.*, No. CV 93-0456534, 1994 WL 622009, at *4 (Conn. Super. Ct. Oct. 7, 1994) ("[T]he defendant has not breached any covenant of good faith and fair dealing by selecting one option over the other."). However, Defendants may have breached the covenant if "the manner" in which Defendants carried out its obligations under the Deed of Trust violated, nullified, or significantly impaired any benefit of the Deed of Trust. *Id.*; *Idaho First Nat. Bank*, 121 Idaho at 289.

Plaintiff has failed to provide sufficient factual details to state such a claim for breach of the implied covenant of good faith and fair dealing upon which relief can be granted. Rather, Plaintiffs have conclusorily alleged that Defendants have breached this covenant. The Court also finds Plaintiffs may be able to remedy this deficiency with additional facts. Therefore, Plaintiffs are granted leave to amend to expand the factual basis of this claim.

### B. Conversion

In Count Two, Plaintiffs assert a claim of conversion. Under Idaho law, a claim for conversion has three elements: "(1) that the charged party wrongfully gained dominion of property; (2) that property is owned or possessed by plaintiff at the time of possession; and (3) the property in question is personal property." *Taylor v. McNichols*, 243 P.3d 642, 662 (Idaho 2010). The Idaho Supreme Court has held that a check or "specifically identifiable monies" may be the subject of a conversion claim. *Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 336 P.3d 802, 807 (2014) (citations omitted).

Defendants argue that Plaintiffs have failed to state a conversion claim for two reasons. First, because both Plaintiffs and LoanCare had an equal right to possess and control the insurance proceeds LoanCare did not wrongfully exercise dominion over the property. At least initially, the Court agrees. Foremost Insurance Group issued the insurance proceed checks to both Plaintiffs and LoanCare. Plaintiffs endorsed the checks and forwarded them to LoanCare. Under Idaho Code, "[i]f an instrument is payable to two (2) or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument." Idaho Code § 28-3-110(4). Under this provision, LoanCare at least initially had the right to exercise dominion over the insurance proceed checks.

Second, Defendants argue that they also did not convert the insurance proceeds at any time from September 2015 to May 2016 because, during this time, their actions (as alleged in the Complaint) were not inconsistent with Plaintiffs' rights in the insurance proceeds. Defendants cite *Hopkins v. Wells Fargo Bank, N.A.*, No. CIV. 2:13-cv-00444 WBS, 2013 WL 2253837 (E.D. Cal. May 22, 2013), in support of this argument. *Hopkins* is, factually, very similar to this case. Like here, in *Hopkins*, a deed of trust provided that the defendant-lender could apply insurance proceeds, obtained after a loss to the plaintiff's property, to either (a) the debt the property secured or (b) repairs to the property. *Id.* at *6. The plaintiff turned over insurance proceeds she received after fire damaged her property to the lender-defendant. *Id.* She then brought suit against the lender-defendant, claiming the lender-defendant failed to distribute the insurance proceeds in accordance with one of the two options available under the deed of trust. The

plaintiff brought, among other things, claims for breach of contract, breach of the covenant of good faith and fair dealing, and conversion. *Id.* at *6–10. The *Hopkins* court conclude that "[t]he allegations in th[e] case do not fit a claim for conversion." *Id.* at *10. Specifically, the court found that the question of "[w]hether defendants damaged plaintiff by . . . using the [insurance] proceeds contrary to the requirements in the deed of trust is properly resolved by plaintiff's breach of contract and implied covenant claims, not a conversion claim." *Id.* The court then dismissed the conversion claim without leave to amend, finding amendment would be futile. *Id.*

Plaintiffs respond by citation to *Luzar v. Western Surety Co.*, 692 P.2d 337 (Idaho 1984). Unlike in *Hopkins*, the *Luzar* court held that "conversion is a remedy available to a [borrower] against a secured party-[lender] who refuses to return" collateral that is the subject of a security agreement "if [the] security agreement does not give a legal right [to the lender] to retain the collateral after a demand for return by the [borrower]."[3] *Id.* at 340. For such a conversion claim to stand, the borrower must first "make[] a rightful and reasonable demand for return of the collateral," and the lender must act unreasonably in refusing to return the property. *Id.* When, as here, the parties have a written security

---

[3] Recently, the Idaho Supreme Court re-explained the holding in *Luzar*. *Carpenter v. Turrell*, 227 P.3d 575, 581 (Idaho 2010) ("In *Luzar*, this Court held that "where the owner [of property] had given possession of his property to another under the terms of a contract, pledging the property as security for an obligation, the secured party would not be wrongfully exercising dominion over the property by refusing to return it upon demand if it had a contractual right to continue retaining possession of the property."). In this explanation, the Idaho Supreme Court made no indication that *Luzar* was no longer good law. Although the explanation was in dicta, the Court finds explanation supports a finding that *Luzar* is still the law in Idaho.

MEMORANDUM DECISION AND ORDER – PAGE 10

agreement, "the interpretation and legal effect of th[at] security agreement" will be determinative of whether a conversion claim is valid. *Id.*

Plaintiffs have alleged that they made a demand on Defendants to apply the insurance proceeds to their debt, the first option available under the Deed of Trust, and that Defendants refused to do so. Plaintiffs have not alleged any facts with regard to "a rightful and reasonable demand" they made on Defendants that relates to the second option available for distribution of the insurance funds under the Deed of Trust or that Defendants unreasonably withheld funds in light of this provision. Without such an allegation, Plaintiffs' have not stated a claim for conversion under *Luzar*. The Court finds Plaintiffs may be able to remedy this deficiency by pleading additional facts. The Court, therefore, dismisses Plaintiffs' conversion claim, but grants Plaintiffs leave to amend this claim.

### C. Slander of Title

Finally, Plaintiffs assert a claim for slander of tile under Idaho law. "Slander of title requires proof of four elements: (1) publication of a slanderous statement; (2) its falsity; (3) malice; and (4) resulting special damages." *Weitz v. Green*, 862, 230 P.3d 743, 754 (Idaho 2010). Plaintiffs base this claim on the Notice of Default regarding Plaintiffs' Property Mortgage Electronic Registration Systems filed, on behalf of Defendants, in the land records of Idaho County, Idaho, on or around May 11, 2016. Defendants argue Plaintiffs have failed to allege that the Notice of Default was in fact false or that Defendants acted with malice.

Plaintiffs have not identified what exactly was stated in the Notice of Default. Plaintiffs also did not attached the Notice of Default to their Complaint. Without this information, the Court has no way of evaluating the statement at this stage. The Court can assume that the Notice of Default stated Plaintiffs had defaulted on their payment obligations under the Deed of Trust. However, the Court is not in the business of making such assumptions and cannot even purport to guess what details the Notice of Default contains. Even if the Court assumed the Notice of Default contained such a statement, Plaintiffs have also failed to explain why such a statement would be false. Rather, they simply assert that the Notice of Default is false. Thus, Plaintiffs ask the Court to presume they had not defaulted on their payment obligations. Plaintiffs have not alleged facts to support a finding that they were not in default. For these reasons, the Court finds dismissal of this claim is appropriate. However, as with the other claims, amendment may not be futile, so the Court will grant leave to amend.

## V. ORDER

IT IS HEREBY ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 11) is GRANTED.
2. Counts Three and Four are DISMISSED WITH PREJUDICE.
3. Counts One, Two, and Five, are DISMISSED WITHOUT PREJUDICE and Plaintiffs shall have leave to amend their Complaint with regard to these three claims.

4. Plaintiffs shall file an Amended Complaint within three weeks of the issuance of this Order. Failure to do so will result in the dismissal of this action with prejudice.

DATED: January 3, 2018

_____
David C. Nye
U.S. District Court Judge